UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMAR DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02632-SEB-TAB |
| | ) |
| A. VANKIRK, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Preliminary Injunction**

Plaintiff Ramar Daniels is a prisoner currently incarcerated at Pendleton Correctional Facility. In this suit, he alleges that the defendants used excessive force against him in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment. He also alleges that defendant Thomas failed to protect him from assault by other inmates. Mr. Daniels has filed a motion for preliminary injunction seeking transfer to a different prison facility. Dkt. 22.

His motion alleges that in September of 2021, he was assaulted by a gang member and by Officer Downs who is not a defendant in this action. He fears for his safety and believes he will be safer at a different prison facility.

**I. Preliminary Injunction Standard**

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh

the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

## II. Discussion

For the reasons explained below, Mr. Daniels has not established the three threshold requirements necessary for preliminary injunctive relief.

### A. Likelihood of Success on the Merits

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). "A 'strong' showing ... does not mean proof by a preponderance .... But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

A request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

In his motion, Mr. Daniels' request for transfer is based on the alleged conduct of non-parties. Thus, it is outside the scope of the claims proceeding in this action. There is no likelihood that he will have success in this case on the merits of his claims against Officer Downs and the

unknown prison official who denied his request for protective custody. Instead, he must pursue those claims, if at all, in a separate lawsuit.

### B. Irreparable Harm

Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Orr*, 953 F.3d at 502 (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997). The plaintiff must show "that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Id.* (cleaned up).

Mr. Daniels has not shown that he will likely suffer irreparable harm if he is not transferred. Although he alleges in his motion that a correctional officer sprayed him with chemical spray for no justifiable purpose, the defendants responded with evidence that the officer deployed the chemical spray to interrupt Mr. Daniels' efforts to harm himself. Dkt. 27-1; dkt. 32. Mr. Daniels alleges that the officer's report of the incident was back dated and not prepared by the officer, but he has no evidence to support his speculation. Dkt. 30 at 2. He also alleges that the officer filed a conduct report after the incident which conflicts with her incident report, but Mr. Daniels did not provide the conduct report. There is no evidence that Mr. Daniels is likely to suffer irreparable harm at the hands of this correctional officer if he is not transferred.

Mr. Daniels also alleges that he was assaulted by a gang member and therefore his request for protective custody should have been granted. The defendants provided evidence that Mr. Daniels' request for protective custody did not provide detailed information about the threat he faced. Dkt. 27-2. Although he attached to his reply a grievance in which he named the inmates who were threatening him, this does not change the fact that he did not provide those names in his request for protective custody. Nevertheless, there is no evidence that the defendants in this action were responsible for denying his request for protective custody. If Mr. Daniels fears for his safety,

he should renew his request for protective custody and include as much detail as he knows about the legitimate threat he faces.

In sum, Mr. Daniels has failed to show that he will likely suffer irreparable harm if he is not transferred.

### C. Inadequate Legal Remedies

"The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1046 (7th Cir. 2017). "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id*. (quoting *Foodcomm*, 328 F.3d at 304).

Mr. Daniels' motion alleges that he was assaulted by a correctional officer who is not a defendant in this action and that other unknown prison officials have denied his request for protective custody. He can pursue these claims by filing a lawsuit against the individuals responsible for the alleged harm after exhausting available administrative remedies. Mr. Daniels has failed to show why the available legal remedy is inadequate.

### III. Conclusion

For the foregoing reasons, the motion for preliminary injunction, dkt. [22], is **denied**.

**IT IS SO ORDERED.**

Date: 3/16/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Bernard John Lobermann, IV
INDIANA ATTORNEY GENERAL
bernard.lobermann@atg.in.gov

Benjamin Charles Wade
INDIANA ATTORNEY GENERAL
ben.wade@atg.in.gov