UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAMAR DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02632-SEB-TAB |
| | ) | |
| A. VANKIRK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Ramar Daniels, an inmate at Pendleton Correctional Facility, brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants used excessive force against him, that defendant Thomas was deliberately indifferent to his suicidal ideations, and that the other defendants retaliated against him. The defendants have moved for summary judgment arguing that Mr. Daniels failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* ("PLRA"), before he filed this lawsuit. For the following reasons, the defendants' motion for summary judgment, dkt. [43], is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**. In addition, Mr. Daniel's motion for sanctions, dkt. [39], is **DENIED**, and his motion for review, dkt. [50], is **DENIED AS MOOT**.

**I.
LEGAL STANDARD**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions,

documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II.
## BACKGROUND

### A. Offender Grievance Process

The Indiana Department of Correction ("IDOC") has a standardized grievance process. Dkt. 43-1 at 2; dkt. 43-2 at 1. The purpose of the grievance process is to provide prisoners committed to IDOC with a means of resolving concerns and complaints related to the conditions of their confinement. Dkt. 43-2 at 1.

During the period relevant to Mr. Daniels' complaint, the grievance process consisted of three steps: (1) submitting a formal grievance to the Grievance Specialist; (2) submitting a written appeal to the Warden or his designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 3.

### B. Mr. Daniel' Attempts to Participate in the Grievance Process

On September 8, 2021, Mr. Daniels filed two grievances regarding the alleged incident. Dkt 43-4 at 10; dkt. 43-5 at 9. The grievance specialist responded on September 27, 2021. *Id.*; dkt. 43-4 at 9. Mr. Daniels submitted his appeals on October 6, 2021. Dkt 43-4 at 6; dkt. 43-5 at 5. He signed the complaint initiating this lawsuit on October 8, 2021. Dkt. 1. He later received

responses to his appeals from the warden and submitted his final appeals to the grievance manager.[1] Dkt. 43-4 at 1, 4; dkt 43-5 at 1, 4.

## III.
## DISCUSSION

The defendants seek summary judgment arguing that Mr. Daniels failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d

---

[1] The Court notes that it appears the warden responded to the grievances beyond the ten business days allowed in the grievance policy. Dkt. 43-4 at 4; dkt 43-5 at 4 (appeals submitted on October 6, 2021, and responses signed on November 29, 2021). However, because Mr. Daniels initiated this lawsuit before the warden's response time had expired, the late response does not affect the outcome of the defendants' motion for summary judgment.

3

845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Here, the undisputed evidence shows that Mr. Daniels did not file a grievance appeal with the department grievance manager in compliance with the IDOC grievance policy before filing this action. Mr. Daniels acknowledges that he did not exhaust the grievance process before filing this action, but he blames the grievance specialist for telling him he had to go through "I & I" rather than the grievance process. Dkt. 48 at 2. But the undisputed evidence shows that Mr. Daniels did pursue the grievance process. He simply filed this action prematurely. The fact that he completed the grievance process after filing suit is unavailing. The Court does not have the ability to let claims proceed when the grievance process was not completed until after the action was filed. The Seventh Circuit has made clear that "that exhaustion must precede litigation." *Ford*, 362 F.3d at 398; *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions. . . until such administrative remedies as are available are exhausted.").

Accordingly, because Mr. Daniels failed to exhaust his available administrative remedies prior to bringing this action, his claims must be dismissed without prejudice. *Ford,* 362 F.3d at 401 (holding that "all dismissals under § 1997e(a) should be without prejudice."). The Court notes that he has already refiled a complaint initiating a new action to pursue these claims. *See Daniels v. Vankirk, et al.*, 1:22-cv-00924-JMS-DLP.

## IV.
## CONCLUSION

For the reasons explained above, the defendants' motion for summary judgment, dkt. [43], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**. His motion for sanctions argues that the defendants should be sanctions because they know he exhausted administrative remedies. But, as discussed in this Order, his failure to exhaust those remedies

4

before filing this lawsuit entitles the defendants to summary judgment. Therefore, his motion for sanctions, dkt. [34], is **DENIED**. His motion for review, dkt. [50], is **DENIED AS MOOT**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/3/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Ian Devereux
INDIANA ATTORNEY GENERAL
ian.devereux@atg.in.gov

Amanda Jo Holbrook
Office of the Indiana Attorney General
amanda.holbrook@atg.in.gov